UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHC FINANCING LIMITED PARTNERSHIP TWO,<br><br>                               Plaintiff,<br>   vs.<br><br>CITY OF SANTEE; and DOES 1 through 100,<br><br>                               Defendants. | CASE NO. 07cv849 IEG (LSP)<br><br>**ORDER DIRECTING STAY**<br><br>[Doc. Nos.  18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30] |

Presently before the Court is Defendants' Motion to Dismiss.  Finding principles of Younger abstention are implicated, the Court **STAYS** this action pending a final judgment in the Superior Court of the State of California, for the County of San Diego, East County Division, Case No. GIE 020524, ("East County State Court Action").

**BACKGROUND**

On or about November 27, 1998, the City of Santee ("the City") began enforcing Ordinance 381, a mobile home rent control ordinance that was adopted by the City Council pursuant to an initiative petition.  Ordinance 381 restricted rent increases more severely than the prior rent control ordinance, Ordinance 324/329.  (First Amended Complaint "FAC" ¶ 7.)

Shortly after the adoption of Ordinance 381, the City was alerted that the version of Ordinance 381 adopted by the City Council differed from the petition circulated to the voting public.  (FAC ¶ 8.)

On or about January 24, 2001 the City adopted Ordinance 412, which the Court refers to as the "Original Ordinance 412."  This ordinance was intended to cure the error in the adoption of

- 1 -

Ordinance 381. The City began enforcing Original Ordinance 412 on February 23, 2001. (FAC ¶ 9.) Original Ordinance 412 expressly provided that it was retroactively effective to the effective date of Ordinance 381.

<u>MHC Challenges Original Ordinance 412 in State Court</u>

On October 29, 2001, Plaintiff MHC, the owner and operator of the Meadowbrook Mobilehome Park ("Meadowbrook"), filed an action styled MHC Financing Limited Partnership Two v. City of Santee, San Diego County Superior Court, Case No. GIC 777094 (hereinafter, "Downtown State Court Action") against the City seeking a judicial declaration that both Ordinances 381 and 412 were null and void because Ordinance 381 and Original Ordinance 412 were enacted in violation of California law. (FAC ¶ 10.) MHC reserved all federal claims pursuant to <u>England v. Louisiana Board of Medical Examiners</u>, 325 U.S. 411 (1964). MHC further contended the City's enforcement of Ordinances 381 and Original Ordinance 412 impermissibly chilled MHC's right of petition for rent increases. (<u>Id.</u>)

Judge Haden of the San Diego County Superior Court and presiding judge in the Downtown State Court Action agreed with MHC, finding that the City illegally adopted Ordinances 381 and Original Ordinance 412 and the ordinances were thus void. Judge Haden also found that the City's enforcement of assessments and fee-shifting provisions of Ordinances 381 and Original Ordinance 412 chilled MHC's right to petition for rent increases in violation of the California Constitution. (FAC ¶ 12.)

On appeal, the California Court of Appeal found that the City could retroactively apply Ordinance 412 to the effective date of Ordinance 381, and thus reversed Judge Haden's determination that Ordinance 412 was void. The Court of Appeal affirmed Judge Haden's decision in all other respects, including his finding that the assessment and fee-shifting provision of Ordinance 381 and 412 had a chilling effect on MHC's right to petition for rent increases. The Court of Appeal held, however, that those provisions could be severed from the remainder of the ordinance. The Court remanded the case to determine (1) whether MHC suffered injury as a result of any differences between Original Ordinance 412 and Ordinance 381 and the retroactive application of Original Ordinance 412 and Ordinance 381; (2) whether MHC suffered any injury as a result of the assessment

and fee-shifting provisions found unconstitutional; and (3) the proper remedy for such injury. (FAC ¶ 14.) See MHC Financing Limited Partnership Two v. City of Santee, 125 Cal.App.4th 1372 (2005).

In August and September 2007, Judge Kevin A. Enright of the San Diego Superior Court held a bench trial in accordance with the Court of Appeal's 2005 remand order. (FAC ¶ 22.) During the course of that proceeding, MHC claimed it had been injured by the City's enforcement of the chilling provisions declared invalid by the Court of Appeals and from the City's retroactive application of the differences between Ordinances 381 and 412. Those injuries included (1) denial of market rents; and (2) denial of the right to discretionary rent increase process. (FAC ¶ 24.) The City disputed any damages were owed, arguing the Commission would not have awarded MHC any rent increases because MHC had failed to pay annual assessments. (FAC ¶ 26.)

MHC's First Federal Challenge to Original 412 Ordinance

Going back to 2001, one month after filing the "Downtown State Action," MHC commenced an action in the Southern District of California, in Judge Benitez's court, challenging Original Ordinance 412 on federal and state takings, substantive due process, and equal protection grounds ("2001 Federal Action").[1] MHC asserted Original Ordinance 412 "caused a taking of [its] property without compensation and without substantially advancing a legitimate purpose in violation of the Fifth Amendment of the United States Constitution. MHC also alleged that Original Ordinance 412 constituted a taking for private use in violation of the public use clause of the Fifth Amendment of the Constitution.

Judge Benitez entered summary judgment in favor of the City on the grounds that MHC's facial constitutional claims were barred by the statue of limitations for 42 U.S.C. § 1983 civil rights claims, and that MHC's as-applied constitutional challenges to Original Ordinance 412 were not ripe. Judge Benitez noted: "[s]ince MHC has not yet pursued compensation for its as-applied 'taking' it has not yet been denied just compensation and the as-applied takings claim is not yet ripe for decision." See MHC Financial Limited Partnership Two v. City of Santee, S.D. Cal. Case No. 01cv2160-BEN (JFS).

---

[1] Note that MHC had reserved its federal claims when it filed the "Downtown State Court Action."

1  On appeal, MHC argued that its claims were ripe because, inter alia, it allegedly already sought full compensation through its litigation of the "Downtown State Court Action." The Ninth Circuit disagreed and affirmed Judge Benitez's decision.

Introduction of Revised 412 Ordinance

Moving forward to 2005, on or about December 15, 2005, the City's staff presented the Manufactured Home Fair Practices Commission ("the Commission") an ordinance entitled "Ordinance 412-Revised by Court Decision." (FAC ¶ 16.) It is this ordinance, which the Court refers to as the "Revised Ordinance 412," that is the subject of this suit.

The Revised Ordinance 412 deleted the provisions that the State Court of Appeal specifically identified as unconstitutionally chilling MHC's ability to request rent increases. It also deleted certain provisions that neither Judge Haden nor the Court of Appeal identified by number, including section 2.44.170(F)(1) and the fee-shifting provision 2.44.100(c)(3). Finally, the Revised Ordinance 412 also changed a cross reference contained in Section 2.44.100(c)(2) of the ordinance from 2.44.110(C) to Section 2.44.100(c)(1), FAC ¶ 19. This was apparently to correct a typo in the original ordinance.

A Second State Court Proceeding, This Time Initiated by the City

In December 2003, sometime after both the Downtown State Action and the 2001 Federal Action were filed, the City filed an action in the East County Division of the San Diego Superior Court (the "East County Action") to enjoin MHC from violating Ordinance 329 (the original ordinance which was supposedly supplanted by Ordinance 381 and Original Ordinance 412). In 2006, after the City had introduced the Revised 412 Ordinance, MHC filed a cross-complaint for federal and state constitutional takings and substantive due process claims under 42 U.S.C. § 1983 based on the City's enforcement of the Revised 412 Ordinance.

On July 27, 2007, State Court Judge Eddie C. Sturgeon in the "East County Action" heard a motion for summary judgment by City on MHC's takings and due process claims. The City asserted MHC's as applied takings and due process claims were not ripe, and that MHC's facial takings and due process causes of action were barred by the statute of limitations. Judge Sturgeon agreed and granted summary judgment in favor of the city on August 6, 2007.

//

1 MHC's Current Complaint

2     Against this complicated litigation backdrop, the Court turns to the procedural history of the
3 present case.

4     On October 29, 2007, MHC filed its First Amended Complaint in this Court. (Doc. No. 14.)
5 In it, MHC alleges the Revised Ordinance 412, both facially and as applied, violates the Fifth
6 Amendment's Takings Clause (FAC ¶ 31), that the City's enforcement of Revised Ordinance 412
7 constitutes a denial of substantive due process (FAC ¶ 78), and that the City's enforcement of the
8 Revised Ordinance 412 constitutes a denial of procedural due process because it deprives MHC of
9 property without allowing a process for just compensation (FAC ¶ 86).

10     On November 11, 2007, the City filed the present motion to dismiss, arguing MHC's claims
11 are barred by res judicata because of MHC's prior challenges to successive versions of Revised
12 Ordinance 412 or otherwise deficient based on ripeness or limitations grounds. (Doc. No. 18.) The
13 City also asserts that this Court should stay or dismiss MHC's suit under principles of Younger
14 abstention due to ongoing state proceedings in the East County State Action. (Id.) The Court heard
15 oral argument on January 22, 2008.

16 **DISCUSSION**

17 **A.      Requests for Judicial Notice**

18     Both Plaintiff and Defendant have requested this Court take judicial notice various court
19 documents and decisions related to the long litigation history of this case as well as decisions from
20 other courts. Rule 201 of the Federal Rules of Evidence allows the Court to take judicial notice of
21 matters that are "capable of accurate and ready determination by resort to sources whose accuracy can
22 not reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may properly be taken on a
23 motion to dismiss under Rule 12(b)(6). Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.
24 2001).

25     While the parties have filed oppositions to judicial notice of certain court documents based on
26 their relevance or concerns regarding the finality of the pronouncements in those documents, neither
27 side argues that any potentially noticed material are unreliable. Accordingly, the Court
28 **OVERRULES** the parties' objections and notices the submitted materials.

**B.     Younger Standard**

Under Younger v. Harris, 401 U.S. 37 (1971), and its progeny, a federal court should abstain from hearing a case that would interfere with ongoing state proceedings. Younger dealt with ongoing state criminal proceedings, but the same abstention principles were extended to civil actions in Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Indeed, absent extraordinary circumstances, federal courts must abstain and allow the state court to adjudicate all claims, state and federal, if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims. San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1103 (9th Cir. 1998). Defendant argues the ongoing proceedings in the East County State Court Action compel abstention under Younger. The Court takes each of the required conditions in turn:

    1.     Ongoing

MHC asserted federal Section 1983 takings and substantive due process claims in the East County State Court Action based on Revised Ordinance 412 on April 7, 2006, over one year before initiating the present suit. (See "MHC'S Cross Complaint for Violations of the United States Constitution and California Constitution; Damages; and Injunctive Relief,"Def. Request for Judicial Notice, Exs. L, N.)[2] In its First Amended Complaint, MHC specifically challenges the City's conduct on December 15, 2005, in promulgating the Revised Ordinance 412. (See MHC's First Amended Cross-Complaint for Violations of the United States Constitution and California Constitution; Damages; and Injunctive Relief," at ¶ 102; Def. Request for Judicial Notice, Ex. N.) While Judge Sturgeon granted summary judgment in favor of the City on several of MHC's counterclaims and denied MHC's motion for reconsideration, the parties have indicated that proceedings in East County State Court Action, including adjudication of the City's claims, remain ongoing. State court litigation is not considered final (in order to invoke the preclusive bar of res judicata) until an appeal from the trial court judgment has been exhausted or the time to appeal has expired. Franklin & Franklin v .7-Eleven Owners for Fair Franchising, 85 Cal.App.4th 1168, 1174 (2000).

Because MHC's challenge to the Revised Ordinance 412, the same ordinance it seeks to

---

[2]MHC filed a First Amended Cross Complaint on July 26, 2006.

- 6 -

challenge in this Court, is presently pending in the California state courts, the first prong of the <u>Younger</u> test is satisfied.

### 2. Important State Interests

Prong two of the <u>Younger</u> test is also easily met. The Ninth Circuit has expressly held that "California has a substantial interest in enforcing and considering the constitutionality of mobilehome park rent control ordinances." <u>Mission Oaks Mobile Home Park v. City of Hollister</u>, 989 F.2d 359, 361 (9th Cir. 1993), overruled on other grounds, <u>Green v. City of Tuscon</u>, 255 F.3d 1086 (9th Cir. 2001). Further, the Ninth Circuit has observed that strong local interests in land-use regulation qualify as important "state" interests for purposes of Younger abstention. <u>San Remo</u>, 145 F.3d at 1104.

Plaintiff argues <u>Younger</u> abstention is not appropriate here because a ruling on the merits of MHC's claims in this case will not "interfere" with the East County State Court Action since that case was initiated by the City in an attempt to enforce a different ordinance, Ordinance 329. However, MHC neglects to acknowledge the obvious nexus between the counterclaims it brought in that case (discussed above) and the claims asserted in its First Amended Complaint in this case. Both claims involve challenges to the Revised Ordinance 412 rooted in Section 1983 takings and substantive due process claims. A determination by this Court on the validity of Revised Ordinance 412 as presented in this case would obviously frustrate the state's interest in administering its judicial system as it would put the federal court in the position of preemptively deciding a question of federal constitutional law before that question has been conclusively answered in ongoing state proceedings. As mentioned above, the East County State Court Action, including adjudication of the City's claims and the potential for appeal from Judge Sturgeon's grant of summary judgment on MHC's counterclaims, is ongoing.

### 3. Adequate Opportunity to Litigate Federal Claims

Finally, prong three of the <u>Younger</u> test is also indisputably satisfied. The Constitution does not guarantee the right to have federal claims adjudicated in a federal court. Rather, due process only requires that a plaintiff receive a full and fair opportunity to litigate federal constitutional claims in a court of competent jurisdiction. See <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 364 (9th Cir. 1993). MHC has failed to show that it was barred from pursuing constitutional

challenges in the state proceeding. See Pennzoil, 481 at 14-15 (noting that the federal plaintiff bears the burden of showing that state procedural law bars presentation of constitutional claims).

**C.    Stay Appropriate Under Younger**

The Ninth Circuit has observed that where damages are sought and Younger principles apply, it makes sense for the federal court to refrain from exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending. Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004) (emphasis in original). This allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice. Id. In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated. Id.

## CONCLUSION

The Court concludes that Younger principles are implicated and the conditions for abstention have been satisfied. Therefore, the Court **STAYS** this action pending a final judgment in the Superior Court of the State of California, for the County of San Diego, East County Division, Case No. GIE 020524, ("East County State Court Action"). The parties shall appear for a status in this Court on Monday, June 2, 2008 at 10:30.

**IT IS SO ORDERED.**

**DATED:  February 28, 2008**

**IRMA E. GONZALEZ, Chief Judge
United States District Court**